1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONNELL HILL,                           No.  2:14-cv-0329 CKD P

12                  Plaintiff,

13         v.                                ORDER

14   F. FOULK,

15                  Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. §

18   1983.  He has consented to have all proceedings in this matter before a United States Magistrate

19   Judge.  See 28 U.S.C. § 636(c).  By order filed February 18, 2014, plaintiff's complaint was

20   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

21   complaint.

22         The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6          In order to avoid dismissal for failure to state a claim a complaint must contain more than

7   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

8   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

9   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

11  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

12  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

14  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

15  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

16  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

17  U.S. 232, 236 (1974).

18         In the February 18, 2014 order dismissing plaintiff's complaint with leave to amend, the

19  court noted as follows:

20             In his complaint, plaintiff alleges as follows.  On February 28, 2013
              he was "savagely beaten" by gang members at High Desert State
21            Prison.  The gang members were acting under the direction of two
              correctional officers who ordered the beating in retaliation for
22            litigation and grievances filed against prison officials by plaintiff.

23            At some point prior to his being attacked, plaintiff's mother sent a
              letter to the Office of Internal Affairs at High Desert in which she
24            indicated that plaintiff was afraid he would be attacked by inmates
              at the direction of correctional officers.  On January 17, 2013,
25            defendant Warden Foulk responded to plaintiff's letter essentially
              telling plaintiff that he should utilize the inmate grievance process
26            for any allegations of staff misconduct.

27            Plaintiff sues defendant Foulk because, according to plaintiff, Foulk
              had knowledge of plaintiff's fears of being attacked before he was
28            attacked, yet disregarded them.

                                               2

The court finds that at this point, plaintiff fails to state a claim upon which relief can be granted. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." <u>Id.</u> at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. <u>Id.</u> at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." <u>Id.</u> at 834 (internal quotation omitted).

First, plaintiff fails to point to facts demonstrating defendant Foulk was aware plaintiff was being subjected to a substantial risk of serious harm. While plaintiff asserts Foulk learned plaintiff thought he would be assaulted by inmates at the direction of correctional officers, plaintiff fails to indicate which facts, if any, he presented to Foulk in support of his conclusion. Plaintiff's mere assertion that he was afraid he might be attacked is not enough to put defendant Foulk on notice that plaintiff was actually in danger. Also, plaintiff does not point to facts indicting Foulk was deliberately indifferent to plaintiff's plight. The letter from Foulk to plaintiff indicates that Foulk encouraged plaintiff to utilize the established prison procedure for dealing with staff complaints and plaintiff fails to point to facts indicating Foulk was aware the grievance process would not provide adequate protection for plaintiff.

In light of the foregoing, the court will dismiss plaintiff's complaint. However, the court will grant plaintiff one opportunity to amend to cure the deficiencies in his complaint identified above.

More generally speaking, if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between defendant Foulk's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of participation in civil rights violations simply by virtue of the fact that defendant Foulk is the Warden at plaintiff's place of incarceration are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's amended complaint suffers from the same deficiencies as the first. Again, plaintiff fails to point to facts demonstrating defendant Foulk was aware plaintiff was being

3

1    subjected to a substantial risk of serious harm.  While the court assumes defendant Foulk was

2    informed that plaintiff believed he was in danger, plaintiff fails to point to facts which, reasonably

3    speaking, placed defendant Foulk on notice that he was in danger which would require that Foulk

4    take some action to alleviate the risk.  For example, while plaintiff alleges he informed defendant

5    Foulk he had been subjected to mistreatment by certain staff members, he does not allege that he

6    informed Foulk that he had ever been subjected to, or threatened with physical abuse by staff or

7    inmates.

8         Also, plaintiff still does not point to facts indicting Foulk was deliberately indifferent to

9    plaintiff's plight since, as indicated above:  1) Foulk encouraged plaintiff to utilize the established

10   prison procedure for dealing with staff complaints; and 2) plaintiff fails to point to facts indicating

11   Foulk was aware the grievance process, or other established procedures, would not provide

12   adequate protection for plaintiff.

13        For all of the foregoing reasons, the court will dismiss plaintiff's amended complaint for

14   failure to state a claim upon which relief can be granted.  Also, the court will not grant leave to

15   amend as granting a second opportunity to amend appears futile.

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's amended complaint is dismissed for failure to state a claim upon which

18   relief can be granted; and

19        2.  This case is closed.

20   Dated:  April 25, 2014

21                                               _____
                                                 CAROLYN K. DELANEY
22                                               UNITED STATES MAGISTRATE JUDGE

23

24

25

26   1
     hill0329.dis
27

28

                                              4